United States District Court
For The
District Of Massachusetts

James Freeman, 05-11383 PBS
  Petitioner,

V.                           Civil Action
                             No. _____

David Nolan,
  Respondent.                MAGISTRATE JUDGE Dein

## VERIFIED MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF A NEW TRIAL MOTION IN THE STATE COURT

Now comes the Petitioner and respectfully moves this Court to stay proceedings in this matter, pending the filing and resolution of a motion for a new trial in the Superior Court, for the following reasons:

1. Petitioner is an indigent

2

prisoner who cannot afford the cost of retaining an attorney to represent him in this case, nor can he afford to retain counsel in any post conviction matter he needs to file in the state courts.

2. Recently, however, Petitioner had a fellow prisoner at MCI-Cedar Junction read his trial transcripts, and related documents, and this prisoner made him aware of several errors committed at his trial, which were not raised in his direct appeal, before the Supreme Judicial Court, and this prisoner explained to Petitioner that he **Cannot** raise the recently uncovered issues in his habeas corpus petition because he has not exhausted his state court remedies regarding

[3]

those issues.

3. Petitioner is totally illiterate when it comes to legal matters,[1] and he has to rely upon a fellow prisoner to prepare this document, and the habeas corpus petition being filed contemporaneously therewith.

4. Petitioner wants to pursue habeas corpus relief in this Court, however, he was advised by a fellow prisoner who is known as a "Jail-house lawyer" at MCI-Cedar Junction, that he must go back to the Superior Court to exhaust his state court

---

[1] The prisoner who read Petitioner's transcripts and uncovered the appellate issues is the author of this document.

[4]

remedies before seeking Habeas relief in this Court based upon the errors recently uncovered in his trial transcripts.

5. After being advised by this above mentioned prisoner, Petitioner wrote several prisoners' Rights organizations,[2] and private attorneys, seeking their help with the researching, and preparation, of a new trial motion in the Superior Court.

6. To date, Petitioner has mailed some of his files,

---

[2] Petitioner wrote the Massachusetts Correctional Legal Services group, and the Harvard Prison Legal Assistance Project, seeking help with the filing of a new trial motion and is awaiting word from these organizations.

[5]

i.e. transcripts, briefs, etc., etc., to lawyers asking them to take his case Pro Bono. To date he is awaiting responses from these attorneys.

7. Petitioner has also written to the Committee for Public Counsel Services, (CPCS), and explained his financial and legal dilemmas and CPCS has referred the matter to an attorney to consider the merits of his contentions. To date Petitioner awaits a decision on his request for appointed counsel.

8. Petitioner wants to file his habeas petition now, because the 1-year that he has within which to file same began running several months ago, and he has the assistance of a fellow prisoner to

[6]

prepare same for filing; however, this prisoner cannot prepare the supporting memorandum to file with the habeas petition, nor can he prepare the new trial motion Petitioner needs to file, because he is working on several appeals court briefs due in the First Circuit and Massachusetts Appeals Court in the next few months.

9. As a result, Petitioner respectfully asks this Court to docket his habeas petition, but stay any action thereon pending the filing of his new trial motion in the Superior Court. This course has been taken by the Court in the past. See, e.g., Cabrera v. Ficco, U.S.D.C. Civ. Act. No. 03-10699-JLT, (Report And Recommendation On

[7]

Motion To Stay Proceedings, Collings, M.J., dated 9/27/04). See Exhibit A.

10. This Court, once it stays further action on the case, can order the filing of a status report by Petitioner, every three months, to update the Court on the status of Court procedures; this will allow Petitioner to prosecute his state Court new trial motion, through the Supreme Judicial Court, and amend his petition later, assuming the state court denies him relief on the claims he plans to raise.

[8]

## CONCLUSION:

For the foregoing reasons, this motion should be granted.

Respectfully Submitted,
*James Leon Freeman III*
James Freeman, III
P.O. Box 100
S. Walpole, MA 02071

## Verification:

I, James Freeman, III, verify that the above statements are true and accurate and I do so under pains and penalties of perjury on this 17 day of JUNE, 2005.

Submitted by,
*James Leon Freeman III*
James Freeman, III

# EXHIBIT A

# United States District Court
# District of Massachusetts

ROBERT CABRERA,
    Petitioner,

v.                           CIVIL ACTION NO. 2003-10699-JLT

EDWARD FICCO,
    Superintendent,
    Souza-Baranowski Correctional
        Center,
THOMAS F. REILLY,
    Attorney General of the Commonwealth
        of Massachusetts,
        Respondents.

## REPORT AND RECOMMENDATION ON MOTION TO STAY PROCEEDINGS (#13)

COLLINGS, U.S.M.J.

    The petitioner has filed a Motion to Stay Proceedings (#13) which is a bit different than the more-commonly filed motions for a stay in habeas cases. In the instant case, the habeas petition was filed, and the respondents concede that the petitioner has exhausted his state court remedies as to the claims which are actually contained in that petition. So



there is no need to stay the proceedings so that the petitioner can exhaust claims which are actually present in his petition which have not been exhausted. Rather, so far as I can discern, the petitioner wants the present case stayed so he can go back into state court and exhaust other federal constitutional claims he may have which are **not** presently included in his petition.

The respondents do not object to the motion as evidenced by the fact that they have not opposed it. Perhaps their reasoning is that this is really no different than if the petitioner had included these new unexhausted claims in his petition and then moved for a stay in order to exhaust them.

Accordingly, I RECOMMEND that the Motion to Stay Proceedings (#13) be ALLOWED on the condition that the petitioner, within sixty (60) days, file whatever pleading is necessary in state court to exhaust these new claims and that the petitioner file and serve a status report with the Court every sixty (60) days informing the Court of the status of the state court proceedings.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this report and recommendation must file a specific written objection thereto with the Clerk of this Court within 10

days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

September 27, 2004.