UNITED STATES DISTRICT COURT
        FOR THE
DISTRICT OF MASSACHUSETTS

JAMES FREEMAN,
        PETITIONER,          CIVIL ACTION
                             NO. 1:05-CV-11383
        V

DAVID NOLAN
        RESPONDENT

MOTION TO REOPEN

HABEAS CORPUS PETITION


        NOW COMES THE PETITIONER AND MOVES
THIS COURT TO RE-OPEN HIS HABEAS CORPUS MATTER, IN
THE ABOVE-MENTIONED CASE, FOR THE FOLLOWING REASON:


1. ON 12/28/05 THE COURT GRANTED PETITIONER'S MOTION
TO STAY THIS MATTER PENDING HIS RETURNING TO THE STATE
COURTS TO EXHAUST HIS REMEDIES ON SEVERAL ISSUES.

2. PETITIONER HAS NOW EXHAUSTED THE STATE COURT REMEDIES
AND HE BROUGHT THE ISSUES TO THE HIGHEST STATE COURT, WHICH
DENIED HIM RELIEF.

3. PETITIONER IS NOW FULLY EXHAUSTED AND HE NOW WISHES
TO AMEND HIS PETITION TO INCLUDE THE NOW EXHAUSTED CLAIMS.

4] PETITIONER WAS ASSISTED BY A FELLOW PRISONER WITH FILING OF HIS NEW
TRIAL MOTION AND APPEAL FROM THE DENIAL THEREOF BY THE SUPERIOR COURT.
THAT PRISONER IS NO LONGER AVAILABLE TO ASSIST HIM WITH THE CASE AT BAR
AND HE PLANS TO FILE A MOTION FOR COUNSEL TO PROSECUTE THIS MATTER.

1

FOR THE ABOVE MENTIONED REASON, THIS MOTION SHOULD BE GRANTED.

5/12/08

RESPECTFULLY
James Freeman
JAMES FREEMAN III
P.O. BOX 100
South WALPOLE MASS,
02071

CERTIFICATE OF SERVICE

I, JAMES FREEMAN, III, CERTIFY THAT A COPY OF THE ABOVE MOTION WAS MAILED TO COUNSEL OF RECORD VIA FIRST CLASS MAIL ON 5/12/08

BY James Freeman
JAMES FREEMAN III

2

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Patch, Christine entered on 12/29/2005 at 3:54 PM EST and filed on 12/28/2005
Case Name:  Freeman v. Nolan
Case Number: 1:05-cv-11383
Filer:
Document Number:

Docket Text:
Judge Patti B. Saris : Electronic ORDER entered granting [2] Motion to Stay Proceedings Pending a Resolution of a New Trial Motion in the State Court. "The motion for a stay is allowed." (Patch, Christine)

The following document(s) are associated with this transaction:


1:05-cv-11383 Notice will be electronically mailed to:

1:05-cv-11383 Notice will not be electronically mailed to:

James Freeman, 111
P.O. Box 100
South Walpole, MA 02071

Thomas F. Reilly
Attorney General's Office
One Ashburton Place
Room 2019
Boston, MA 02108-1698

Case Name: Freeman v. Nolan

Case Number: 1:05-cv-11383

James Freeman, 111
P.O. Box 100
South Walpole, MA 02071

James Freeman, III
P.O. Box 100
S. Walpole, MA 02071

COPY

June    , 2005

Clerk
U.S. District Court
U.S. Courthouse **05-11383 PBS**
1 Courthouse Way
Boston, MA 02210

MAGISTRATE JUDGE Dein

Re: Freeman V. Nolan,
      Habeas Corpus No. _____

Dear Clerk:
      Enclosed, please find a habeas Corpus petition, pursuant to 28 U.S.C. § 2254, along with a check for $5.00, as filing fee, and a motion to stay proceedings pending resolution of a new trial motion in the state Court.
      Please notify me of any action on this matter.

Very truly yours,
James Freeman III
James Freeman, III

CC: File

# Supreme Judicial Court for the Commonwealth of Massachusetts
## John Adams Courthouse
One Pemberton Square, Suite 1400, Boston, Massachusetts 02108-1724
Telephone 617-557-1020, Fax 617-557-1145

James Freeman, Third
MCI- Cedar Junction
P.O. Box 100
S. Walpole, MA 02071

RE:   No. SJC-10026

       **JAMES FREEMAN, THIRD**
            **vs.**
       **COMMONWEALTH**

NOTICE OF DECISION

A decision by the Supreme Judicial Court was issued in the
above-captioned case on this date.  The text of the decision will be
available for approximately two weeks at www.massreports.com.

Susan Mellen, Clerk

Dated: May 9, 2008

# COMMONWEALTH OF MASSACHUSETTS

## SUPREME JUDICIAL COURT FOR THE COMMONWEALTH

AT BOSTON,   May 9, 2008

IN THE CASE NO. SJC-10026

JAMRS FREEMAN, THIRD

_____

vs.

COMMONWEALTH

_____

pending in the_____Supreme Judicial_____Court for the

county of _____Suffolk_____ No. _SJ-2007-0116_____

     ORDERED, that the following entry be made in the docket; viz., --


     Appeal dismissed.


*Susan Mellen* , CLERK.


*May 9, 2008*

NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-10026


COMMONWEALTH  vs.  JAMES FREEMAN, THIRD.


May 9, 2008.


Supreme Judicial Court, Superintendence of inferior courts, Appeal from order of single justice.  Practice, Criminal, Capital case.


The defendant, James Freeman, III, was convicted of murder in the first degree and other crimes and was sentenced to life in prison.  He filed a motion for a new trial, which was denied by a judge of the Superior Court.  His appeal from that denial was consolidated with his direct appeal.  We affirmed both the conviction and the denial of the new trial motion.  Commonwealth v. Freeman, 442 Mass. 779, 781 (2004).  Freeman subsequently filed a second motion for a new trial, and various related motions, all of which were denied, as was a motion to reconsider the denial of the motion for a new trial.  Freeman then applied to a single justice of this court for leave to appeal from the denial of the second motion for a new trial, pursuant to G. L. c. 278, § 33E.  The single justice denied the application on the ground that it presented no new or substantial issues warranting leave to appeal.  Freeman has now filed a "Memorandum of Law in Support of Motion to Appeal Single Justice Denial of Petitioner's Motion for Leave."

It is unclear whether what Freeman filed is intended as a brief or as a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  Rule 2:21 does not apply here because he is not challenging an interlocutory ruling of the trial court.  Regardless whether rule 2:21 applies, however, Freeman cannot appeal to the full court.  The single justice's decision, acting as a gatekeeper pursuant to G. L. c. 278, § 33E, is final and unreviewable.  Commonwealth v. Scott, 437 Mass. 1008 (2002).  Commonwealth v. Ambers, 397 Mass. 705, 710-711 (1986), and cases cited.

Appeal dismissed.