UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JAMES FREEMAN III,
    Petitioner,

V.

DAVID NOLAN,
    Respondent.

CIVIL ACTION
NO. 1:05-CV-11383

## VERIFIED MOTION FOR APPOINTMENT OF COUNSEL

NOW COMES THE PETITIONER AND MOVES THIS COURT TO APPOINT COUNSEL TO REPRESENT HIM IN THE CASE AT BAR, FOR THE REASONS SET OUT BELOW:

1. Petitioner is an indigent prisoner as of the filing of this motion, and he was declared indigent by the Superior Court and the Supreme Judicial Court of Massachusetts.

1

2. Petitioner never graduated from high school, he has a fifth grade education and suffers from a learning disorder which inhibits his ability to comprehend complex issues. The AEDPA, and case law interpreting it, constitutes just the type of complex matters beyond the grasp of Petitioner's intellect.

3. Quite simply, Petitioner cannot prosecute this case PRO SE. It is a very serious matter, since he has been sentenced to life in prison without the possibility of parole. So he respectfully request that the court assign counsel to, at least review the claims to be asserted in the habeas petition to determine whether they are meritorious.

4. The First Circuit Court of Appeal has long ago ruled that the complexity of an issue, and thus the likelihood that a pro se litigant can handle the matter himself, should be of paramount concern to a court deciding whether to appoint counsel. SEE E.G., Cookish v Cunningham, 787 F.2D 1, 4 (1st Cir. 1986). Some courts consider whether the pro se litigant has the assistance of a "Jail House"

LAWYER TO PROSECUTE AND DEFEND THE CASE. SEE E.G., Luttrell V. Nickel, 129 F.3D 933, 936 (7th Cir. 1997)

5. IN THE CASE AT BAR PETITIONER IS UTTERLY UNABLE TO HANDLE THE MATTER DUE TO IT'S COMPLEXITY AND DUE TO THE FACT THAT AT ONE TIME PETITIONER HAD ASSISTANCE FROM A JAILHOUSE LAWYER BUT THAT JAILHOUSE LAWYER NO LONGER AROUND, PETITIONER NO LONG HAS ASSISTANCE IN PRISON, AND ALTHOUGH IT HAS A LAW LIBRARY, IT HAS NO JAILHOUSE LAWYERS [1] AT ALL TO ASSIST HIM IN PROSECUTION AND DEFENDING OF THE HABEAS MATTER.

6. THIS CASE CONSTITUTE THE "EXCEPTIONAL CERCUMSTANCES" CONTEMPLATED BY COOKISH, SUPRA, ALTHOUGH COOKISH DEALT WITH ASSERTED UNDER 43 U.S.C. §1983.

7. PETITIONER RECOGNIZES FULLY THAT HE HAS NO CONSTITUTIONAL RIGHT TO COUNSEL IN A HABEAS CORPUS ACTION, BUT IN A CASE SUCH AS THIS WHERE AN EVIDENTIARY HEARING WILL BE NEEDED AND THE FACT THAT RECENTLY, PETITIONER, WITH THE ASSISTANCE OF A FELLOW PRISONER, FILED A NEW TRIAL MOTION AND WHEN THAT MOTION WAS DENIED HE FILED A PETITION FOR LEAVE TO APPEAL THE DENIAL THEREOF TO THE FULL BENCH OF THE SUPREME JUDICIAL COURT. HIS PETITION WAS DENIED AND HE NEEDS ASSISTANCE TO PROSECUTE

---

[1] PETITIONER RELIED UPON A FELLOW PRISONER TO PREPARE THIS MOTION AS WELL AS HIS MOTION TO REOPEN. HOWEVER THIS PRISONER IS NOT A JAILHOUSE LAWYER NOR CAPABLE OF AMENDING THE HABEAS PETITION.

this habeas matter by filing an amended petition and defending it against an anticipated motion to dismiss by the respondent.

9. Petitioner has no one to help him file an amended habeas petition because the prisoner who was assisting him was moved to another prison and, "Per 103 C.M.R. 481.21, prisoner are not allowed to correspond with each other through the mail.

For the aforementioned reasons, this motion should be granted.

5/12/08

Verification
I James Freeman, III, verify that the above statements are true and accurate and I do so under pain and penalties of perjury on
5/12/08

By
/s/ James Freeman
James Freeman III

Respectfully
/s/ James Freeman
James Freeman III
P.O. Box 100
South Walpole, Mass.
02071

Certificate of Service
I James Freeman, III, certify that a copy of this motion was mailed, first class mail, to

4